UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

SHERRI CALABRESE,

Plaintiff,

-against-                          No.:

CENTENARY UNIVERSITY AND KAREN
DIMARIA                            **JURY TRIAL DEMANDED**

Defendants.

**RECEIVED**
MAY 11 2023
AT 8:30
CLERK, U.S. DISTRICT COURT - DNJ

## COMPLAINT

Plaintiff Sherri Calabrese, residing at 678 County Road, Route 519, Belvidere New Jersey 07823, by way of Complaint against the Defendants says:

## JURISDICTION AND VENUE

1.    This Court has subject matter jurisdiction pursuant to Title VII, Civil Rights Act of 1964 and 42 U.S.C. §2000(e), to redress and enjoin employment practices of Centenary University, in violation of this statute.

2.    Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §§1391(b)(1) and 1391(c) because Defendants are subject to personal jurisdiction.

3.    Jurisdiction is proper because Defendants CENTENARY UNIVERSITY and KAREN DIMARIA (collectively, "Defendants"), conducts business in the state of New Jersey, including the City of Hackettstown, in Warren County.

4.    At all times relevant Defendant Centenary University (hereinafter "Centenary") maintains a campus located at 400 Jefferson Street, Hackettstown, New Jersey 07480. Under

information and belief, Defendant KAREN DIMARIA was Plaintiff's supervisor during her time at Centenary in Hackettstown, New Jersey which give rise to the Plaintiff's cause of action.

5. The District of New Jersey is the most logical forum in which to litigate this claim because:

    a. The harm suffered by Plaintiff was caused by the above defendants in the City of Hackettstown in Warren County, New Jersey;

    b. The forum is most convenient to all of the parties involved;

    c. Defendant Centenary has a physical presence in New Jersey; and

    d. Plaintiff seeks damages in excess of $25,000.00

## PROCEDURAL HISTORY

6. Plaintiff Sherri Calabrese filed a Charge of Discrimination with the New Jersey Division on Civil Rights and the Equal Employment Opportunity Commission ("EEOC") on or about September 2022. Plaintiff was sent Notice of his Right to Sue on February 9, 2023.

## PARTIES

7. Plaintiff Sherri Calabrese is a female citizen of the United States and under information and belief at all times relevant, a resident of Warren County, New Jersey. Plaintiff was employed for over fifteen years by Centenary and throughout said employment, she served at 400 Jefferson Street, Hackettstown, New Jersey 07840.

8. Defendant Centenary is a New Jersey Nonprofit Corporation, 501(c)(3), with its principal place of business located at 400 Jefferson Street, Hackettstown, New Jersey 07840.

9. Under information and belief, at all times relevant, Defendant KAREN DIMARIA was employed at 400 Jefferson Street, Hackettstown, New Jersey 07840.

10.    Hereinafter "Defendants" refers to all named Defendants unless otherwise specified.

## STATEMENT OF FACTS

11.    Plaintiff was employed in various capacities at Centenary's from approximately January 3, 2007 to May 5, 2022.

13.    Plaintiff's primary responsibilities were Office Manager and Executive Assistant to the Vice President of University Advancement.

14.    Plaintiff's supervisor was named KAREN DIMARIA.

15.    On or about July 2021, Plaintiff submitted a religious exemption from Covid vaccination, which was approved by her employer.

16.    On or about May 20, 2022, Plaintiff received an e-mail from Human Resources advising her that she needed to submit PCR testing again.

17.    On or about May 20, 2022, Plaintiff discussed the e-mail with her supervisor, KAREN DIMARIA and was told not to worry about it.

18.    As several of Plaintiff's co-workers who performed similar job duties were working remotely and Plaintiff did not want to wear a mask all day, Plaintiff requested that she be allowed to work remotely.

19.    Human Resources denied Plaintiff's request to work remotely, stating that it would be rewarding her for not getting vaccinated.

21.    On or about May 25, 2022, Plaintiff was terminated for not wearing a mask at her desk.

22.    As a result, Plaintiff was singled out and subjected to discriminatory actions from Centenary. Plaintiff believes that her termination was retaliation for her refusal to be vaccinated.

## EXHAUSTION OF REMEDIES

23.     More than thirty days prior to the institution of this lawsuit, Plaintiff filed a charge with the U.S. Equal Opportunity Commission (EEOC) alleging violations of Title VII by Defendant Centenary University and other employees and agents employed by and affiliated with Centenary. All conditions precedent to the institution of this lawsuit have been fulfilled:

a.  On or about [DATE], Plaintiff Sherri Calabrese filed a verified charge with the Civil Rights Bureau of the New Jersey State Attorney General's Office and the Equal Employment Opportunity Commission charging Defendant with discrimination based on religion.

b.  On Sept. 2022, Plaintiff Sherri Calabrese was sent receipt/acknowledgement of employment discrimination with EEOC Charge No.:. 524-2023-00224.

c.  On February 9,2023, Plaintiff Sherri Calabrese was sent a notice of her right to sue.

## FIRST CAUSE OF ACTION
### (Unlawful Discrimination Based on Religion)

24.     Defendant Centenary has pursued policies and practices that discriminate against employees on the basis of religion. A prima facie showing of religious discrimination is provided when the Plaintiff demonstrates "(1) a bona fide religious practice conflicts with an employment requirement, (2) he or she brought the practice to the employer's attention, and (3) the religious practice was the basis for the adverse employment decision" *EEOC v. United Parcel Serv.*, 94 F.3d 314, 317 (7th Cir. 1996).

25.     Here, Plaintiff is a woman who through a religious exemption request notified her employer of her deeply held religious beliefs that did not allow her to receive the Covid-19 vaccine.

26.     Based upon her presentation of a religious exemption request, which was approved by Centenary, was subsequentially treated disparately than her peers (e.g., inability to work remotely, mandate requiring masks) and was ultimately terminated from her position.

**WHEREFORE,** the Plaintiff demands judgment against Defendants, and requests compensatory damages for past, present, and future pain and suffering, and expenses, lost wages; prejudgment and post-judgment interest as allowed by law, costs of suit and attorneys' fees, as allowed by law, punitive damages, and any and all such other relief as the Court deems just and proper; and further, demands a trial by jury of all issues so triable.

## SECOND CAUSE OF ACTION
### (Retaliation)

27.     Defendants have unlawfully discriminated against Plaintiff based on religion and retaliation, in violation of Title VII, Civil Rights Act of 1964. In order to establish a prima facie case of retaliation, it must be shown that "(1) he was engaged in a protected activity, (2) [defendant] was aware of that activity, (3) [he] suffered an adverse employment action based on that activity and (4) there was a causal connection between [his] protected activity and the adverse employment action." *Bd. of Educ. of New Paltz Cent. Sch. Dist. v. Donaldson*, 41 A.D.3d 1138, 1140, 839 N.Y.S.2d 558, 561 (2007).

28.     Here, Plaintiff engaged in a protected activity by alerting human resources of her religious beliefs and complying with their religious exemption policy/procedures. Plaintiff complained to Human Resources and her supervisor, Defendant KAREN DIMARIA regarding the disparate treatment she had to endure due to her religious beliefs. Plaintiff's complaints were summarily dismissed without proper investigation. Plaintiff's complaints led to discrimination that created a hostile work environment.

5

29.    Plaintiff was humiliated, embarrassed and suffered emotional distress as a direct consequence of Defendants violations of Title VII when Plaintiff was discriminated against for her religion by her supervisor and personnel in Human Resources and as a victim of retaliation when her position with Centenary was terminated.

30.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants discriminatory practices unless and until the Court grants relief. The Plaintiff will seek leave to amend this complaint at such time as such damages arc ascertained.

**WHEREFORE,** the Plaintiff demands judgment against Defendants, and requests compensatory damages for past, present, and future pain and suffering, and expenses, lost wages: prejudgment and post-judgment interest as allowed by law, costs of suit and attorneys' fees, as allowed by law, punitive damages, and any and all such other relief as the Court deems just and proper; and further, demands a trial by jury of all issues so triable.

## **PRAYER FOR RELIEF**

31.    **WHEREFORE,** Plaintiff respectfully requests that this Court rule and order relief, for the named Plaintiff: SHERRI CALABRESE.

a.    Enter a judgment declaring that the acts, policies and practices of the Defendants are in violation of the laws of the United States.

b.    Issue a permanent injunction:

   i.    Requiring Defendants to abolish discrimination and reprisal;

   ii.    Requiring Defendants to cease and desist from any employment practice which discriminates against plaintiffs or others on the basis of disability, age, sex,

6

national origin, race, religion and/or retaliates against persons because they have complained about such discrimination;

c. Requiring Defendants to allocate significant funding and trained staff to implement all changes within two years;

d. Requiring Defendant Centenary to remove and/or demote all managers who have violated the agency's policies and failed to meet their legal responsibility to promptly investigate complaints or to take effective action to stop and deter prohibited personnel practices against employees;

e. Requiring Defendant Centenary to establish and strictly measure EEO compliance as a critical element in every manager's performance standards;

f. Requiring Defendants to create a process for the prompt investigation of harassment and reprisal complaints separate from the agency's process;

g. Requiring Defendants to create in implement mandatory and effective training for all employees and managers on discrimination and retaliation issues, investigations and appropriate corrective actions;

h. Requiring Defendants to make prospective and retroactive monetary awards to named Plaintiff.

i. Award Plaintiff economic and compensatory damages as appropriate including back pay, front pay and benefits, as plaintiff is entitled to under the ADEA and Title VII, and in amounts to be proven at trial including prejudgment interest as appropriate;

j. Award Plaintiff compensation for emotional distress;

k. Grant Plaintiff such other and further relief as may be necessary and proper;

l. Award Plaintiff the costs of this action together with reasonable attorney's fees.

7

## JURY DEMAND

Plaintiff demands a trial by jury for a determination of all damages for all of his claims

By: *Sherri Calabrese*

Sherri Calabrese
Pro Se Attorney for Plaintiff

Dated: 5/10/23